CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
JUN 3 0 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) SHEILA L. HARPER, ) ) and ) ) LYNETTE D. PAYNE, ) ) Defendants. ) | Civil Action No. 7:09-CV-00236 **MEMORADUM OPINION** By: Hon. James C. Turk Senior United States District Judge |

This matter is before the court upon Plaintiff Genworth Life and Annuity Insurance Company's ("Genworth") Motion for Entry of Procedural Interpleader Order (Dkt. No. 1), filed pursuant to 28 U.S.C. §§ 1335 and 2361. Defendants Sheila L. Harper ("Harper") and Lynette D. Payne ("Payne") have not filed responses to the Motion.[1] Upon a thorough review of the file, the court finds that the Motion for Entry of Procedural Interpleader shall be granted.

I.

On or about October 10, 2000, Violet Bazey ("Bazey") applied for a Deferred Annuity (the "First Annuity") with Genworth's predecessor using funds from a different Deferred Annuity that had matured. Bazey's application named Payne as the primary and sole beneficiary of the annuity. The policy number assigned to the First Annuity was 5000684198. (See Pl.'s Mot. for Entry of Procedural Interpleader Order and Supp. Mem. of Law at Ex. A).

---

[1] The Clerk of Court has issued a Summons only for Defendant Harper. (See Dkt. No. 3). No such Summons has been issued for Defendant Payne. Genworth represents to the court, however, that Payne has agreed to waive formal service of process. (See Complaint ¶ 2).

On or about December 11, 2000, Bazey applied for a second Deferred Annuity (the "Second Annuity") with Genworth's predecessor using funds from another Deferred Annuity that had matured. As with the First Annuity, Bazey's application named Payne as the primary and sole beneficiary of the annuity. The policy number assigned to the Second Annuity was 5000686807. (See Pl.'s Mot. for Entry of Procedural Interpleader Order and Supp. Mem. of Law at Ex. B).

By letter dated October 6, 2005, Bazey informed Genworth's predecessor that she had permanently moved to Trinidad, and she requested that Genworth's predecessor appoint Harper as "trustee" on "all [Bazey's] accounts." (See Pl.'s Mot. for Entry of Procedural Interpleader Order and Supp. Mem. of Law at Ex. C).

On or about January 12, 2006, Genworth received a Fixed Annuity Contract Maintenance Form bearing Bazey's signature but failing to identify the First or Second Annuities by policy numbers. The form listed both Payne and Harper as beneficiaries, but it designated one-hundred (100) percent of the benefits to Payne and nothing (as indicated by a dash) to Harper. (See Pl.'s Mot. for Entry of Procedural Interpleader Order and Supp. Mem. of Law at Ex. D). Genworth took steps to clarify this designation, and on or about January 27, 2006, Genworth received a Partial Withdrawal Request and Beneficiary Change Request that listed Payne and Harper as equal, fifty (50) percent beneficiaries of the First Annuity. (See Pl.'s Mot. for Entry of Procedural Interpleader Order and Supp. Mem. of Law at Ex. E). On or about February 6, 2006, Genworth mailed Bazey a confirmation letter indicating that Payne and Harper had been designated as primary, equal beneficiaries of the First Annuity, each receiving fifty (50) percent. (See Pl.'s Mot. for Entry of Procedural Interpleader Order and Supp. Mem. of Law at Ex. F).

On or about May 24, 2006, the First Annuity matured, and Bazey elected to convert her contract through an Annuitization Request, also known as a "settlement option." (See Pl.'s Mot. for Entry of Procedural Interpleader Order and Supp. Mem. of Law at Ex. G). This settlement option became effective June 6, 2006 and pays quarterly installments of $3,579.69 to Bazey or her beneficiaries for a period of eight years, between July 9, 2006 and April 6, 2014. (See Pl.'s Mot. for Entry of Procedural Interpleader Order and Supp. Mem. of Law at Ex. H). In the Annuitization Request, Bazey named Payne and Harper as primary, equal-sharing beneficiaries for the disbursements. (See Pl.'s Mot. for Entry of Procedural Interpleader Order and Supp. Mem. of Law at Ex. G). Genworth represents to the court that it cannot advance, accelerate, or commute payments owed to Bazey or her beneficiaries under the terms of the settlement option.

On or about October 22, 2006, the Second Annuity matured, and Bazey elected to convert the Second Annuity through a second Annuitization Request. (See Pl.'s Mot. for Entry of Procedural Interpleader Order and Supp. Mem. of Law at Ex. I). This settlement option became effective on October 24, 2007 and pays quarterly installments of $884.07 to Bazey or her beneficiaries for a period of five years, between November 24, 2007 and August 24, 2012. (See Pl.'s Mot. for Entry of Procedural Interpleader Order and Supp. Mem. of Law at Ex. J). Again, Bazey named Payne and Harper as primary, equal-sharing beneficiaries on her Annuitization Request, (see Pl.'s Mot. for Entry of Procedural Interpleader Order and Supp. Mem. of Law at Ex. I), and Genworth represents that it cannot advance accelerate, or commute the payments under the terms of the settlement option.

On May 26, 2008, Bazey died, and the quarterly payments of the First and Second Annuities passed to Bazey's named beneficiaries. Genworth could not make any disbursement payments, however, until it received and verified the authenticity of a certified death certificate.

Genworth sent Beneficiary Information Forms to Harper and Payne and requested a certified death certificate. On July 23, 2008, Genworth received Harper's completed forms claiming fifty (50) percent shares of the First and Second Annuities. (See Pl.'s Mot. for Entry of Procedural Interpleader Order and Supp. Mem. of Law at Ex. K).

By letter dated June 29, 2008, and through subsequent letters and telephone calls, Payne informed Genworth that she contests Harper's claims to any share of the First and Second Annuities. According to Genworth, Payne contends that Bazey was blind at the time Harper was added as a beneficiary and there is evidence to suggest that Bazey never intended to add Harper as a beneficiary. (See Pl.'s Mot. for Entry of Procedural Interpleader Order and Supp. Mem. of Law at Ex. L & M). To bolster her claim, Payne sent Genworth a letter purportedly from Bazey's ophthalmologist stating that Bazey had severe damage in both eyes when he examined her on May 8, 2005. (See Pl.'s Mot. for Entry of Procedural Interpleader Order and Supp. Mem. of Law at Ex. N).

Genworth considered these claims and responded that it was unable to determine that Harper should not receive fifty (50) percent of the First and Second Annuities. Payne submitted to Genworth a Trinidad death certificate for Bazey in December 2008, and Genworth represents to the court that it has verified the authenticity of the death certificate to the best of its ability. Accordingly, by the terms of the First and Second Annuities, Genworth must now make payments to the rightful beneficiary or beneficiaries. The payments due and owing from the time of Bazey's death until the time of the filing of Genworth's Complaint in the instant action total $14,318.76 under the First Annuity and $4,420.35 under the Second Annuity. However, Genworth is unable to determine with certainty whether Harper is a rightful beneficiary.

## II.

Pursuant to 28 U.S.C. § 1335(a), a federal district court has original jurisdiction over an interpleader action if certain prerequisites are properly established. Section 1335(a), specifically, states as follows:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $ 500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $ 500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $ 500 or more, if
>
> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if
>
> (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. §1335(a).

The court finds that the terms of § 1335(a) have been satisfied in the instant case. Payne and Harper are diverse within the meaning of 28 U.S.C. § 1332(a)(2)[2] and the annuities in question exceed the $500 minimum requirement. Payne and Harper both claim an interest in the First and Second Annuities, and it seems apparent that Genworth will be exposed to multiple claims regarding the distribution of the settlement option disbursements. Genworth has represented to the court that it is prepared to pay the proceeds currently due and owning under

---

[2] Harper resides in Roanoke, VA, and Payne resides in Tunapuna, Trinidad, West Indies. (See Complaint ¶¶ 1-2).

5

the First and Second Annuities into the registry of the court, and by way of this Memorandum Opinion and accompanying Order, the court now instructs Genworth to take such action.

Upon completion of this deposit, Genworth is discharged from any and all liability to Harper and/or Payne in relation to Genworth's disbursements of the First and Second Annuities. Additionally, Genworth is dismissed from the instant action, and pursuant to 28 U.S.C. 2361[3], Harper and Payne are restrained and enjoined from instituting or prosecuting any action or proceeding against Genworth arising out of, or related to, the First and Second Annuities in any federal or state court. This Court will retain jurisdiction of this action for the adjudication of such further matters as properly come before it, such as, without limitation, determining the respective rights of the claimants to the First and Second Annuities.

### III.

For the reasons stated above, the court will **GRANT** Genworth's Motion for Entry of Procedural Interpleader Order. The Clerk of Court is directed to send a copy of this Memorandum Opinion and accompanying Order to Defendants and counsel of record for the Plaintiff.

---

[3] The statute provides as follows:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.

6

Case 7:09-cv-00236-JCT   Document 5   Filed 06/30/09   Page 6 of 7   Pageid#: 61

ENTER: This 30th day of June, 2009.

*James C. Turk*
Hon. James C. Turk
Senior United States District Judge